Jessica Sabo 026360
1811 S. Alma School Road, Suite 225
Mesa, AZ 85210
480-839-4828
Fax: 480-897-1461
heciii@haroldcampbell.com

# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF ARIZONA

In re
**CHRISTINA GUTIERREZ**

Case No. **2:09-bk-24737**

**CHAPTER 13 PLAN AND APPLICATION FOR PAYMENT OF ADMINISTRATIVE EXPENSES**

Debtor(s).

☒ Original
☐ Amended
☐ Modified

SSN **xxx-xx-4647**
**6071 S AGATE PLACE**
**Chandler, AZ 85249**

This Plan may affect creditor rights. **If you object to the treatment of your claim as proposed in this Plan, you must file a written objection by the deadline set forth in a Notice of Date to File Objections to Plan that was served on parties in interest.** If this is a joint case, then "Debtor" means both Debtors. This plan does not allow claims or affect the timeliness of any claim. To receive payment on your claim, you must file a proof of claim with the Bankruptcy Court, even if this Plan provides for your debt. The applicable deadlines to file a proof of claim were specified in the Notice of Commencement of Case. Except as provided in § 1323(c), a creditor who disagrees with the proposed treatment of its debt in this Plan must timely file an objection to the Plan.

☐ This is an Amended or Modified Plan. The reasons for filing this Amended or Modified Plan are:
_____

(A) **Plan Payments and Property to be Submitted to the Plan.**

 (1) Plan payments start on **NOVEMBER 1, 2009**. The Debtor shall pay the Trustee as follows:

 $ **395.00** each month for month **1** through month **60**.

 The proposed plan duration is **60** months. The applicable commitment period is **60** months. Section 1325(b)(4).

 (2) In addition to the plan payments, Debtor will submit the following property in addition to plan payments: *[Describe or state none]*

 **-NONE-**

(B) **Trustee's Percentage Fee**. Pursuant to 28 U.S.C. § 586(e), the Trustee may collect the percentage fee from all payments and property received, not to exceed 10%.

1

(C) **Treatment of Administrative Expenses and Claims**. Except as specified for adequate protection payments under (C)(1) or otherwise ordered by the Court, the Trustee will make disbursements to creditors after the Court confirms this Plan. Unless otherwise provided in Section (J), disbursements by the Trustee shall be pro rata by class (except for adequate protection payments) and made in the following order:

   (1) *Adequate protection payments*. Section 1326(a)(1)(C) requires adequate protection payments to be made to creditors secured by personal property. Pursuant to Local Bankruptcy Rule 2084-6, the Trustee is authorized to make preconfirmation adequate protection payments to the following secured creditors without a Court order, provided the claim is properly listed on Schedule D, the creditor files a secured proof of claim that includes documentation evidencing a perfected security agreement, and the debtor or creditor sends a letter to the trustee requesting payment of preconfirmation adequate protection payments. The Trustee will apply adequate protection payments to the creditor's secured claim. After confirmation, unless the Court orders otherwise, adequate protection payments will continue in the same amount until claims to be paid prior to these claimants are paid in full, unless the confirmed plan or a court order specifies a different amount. **If a creditor disagrees with the amount of the proposed adequate protection payments or the plan fails to provide for such payments, the creditor may file an objection to confirmation of this plan, file a motion pursuant to §§ 362, 363, or do both.**

| Creditor | Property Description | Monthly Amount |
|---|---|---|
| **Chase** | **2006 FORD F-150 (PRIVATE PARTY VALUE)** | **105.80** |

☐ See Section (J), Varying Provisions.

   (2) *Administrative expenses*. Section 507(a)(2).

      (a) Attorney fees. Debtor's attorney received $ **2,000.00** before filing. The balance of $ **2,000.00** or an amount approved by the Court upon application shall be paid by the Trustee. See Section (F) for any fee application.

      (b) Other Administrative Expenses. [Describe]

☐ See Section (J), Varying Provisions.

   (3) *Leases and Unexpired Executory Contracts*. Pursuant to § 1322(b), the Debtor assumes or rejects the following lease or unexpired executory contract. For a lease or executory contract with an arrearage to cure, the arrearage will be cured in the plan payments with regular monthly payments to be paid direct by the Debtor. The arrearage amount to be adjusted to the amount in the creditor's allowed proof of claim.

      (a) Assumed:

| Creditor & Property Description | Estimated Arrearage Amount | Arrearage Through Date |
|---|---|---|
| **-NONE-** | | |

      (b) Rejected:

| Creditor | Property Description |
|---|---|
| **-NONE-** | |

☐ See Section (J), Varying Provisions.

Software Copyright (c) 1996-2009 Best Case Solutions - Evanston, IL - (800) 492-8037          Best Case Bankruptcy

(4) ***Claims Secured <u>Solely</u> by Security Interest in Real Property***. Unless otherwise stated below, Debtor shall pay post-petition payments directly to the creditor. Prepetition arrearages shall be cured through the Trustee. A creditor identified in this paragraph may mail the Debtor all correspondence, notices, statements, payment coupons, escrow notices, and default notices concerning any change to the monthly payment or interest rate without such being a violation of the automatic stay. No interest will be paid on the prepetition arrearage or debt unless otherwise stated. If interest is to be paid on the debt, then state such rate with the estimated arrearage amount. Except as provided in Local Bankruptcy Rule 2084-23 if a creditor gets unconditional stay relief, the actual cure amount to be paid shall be adjusted by the Trustee pursuant to the creditor's ***allowed*** proof of claim.

| Creditor/Servicing Agent & Property Description | Value of Collateral and Valuation Method | Estimated Arrearage Amount | Arrearage Owed Through |
|---|---|---|---|
| **Countrywide Home Lending HOUSE AND LAND: Location: 6071 S AGATE PLACE, Chandler AZ** | 220,000.00 ZILLOW.COM | 6,428.00 | OCTOBER 2009 |

☒ See Section (J), Varying Provisions.

(5) ***Claims Secured by Personal Property or a Combination of Real and Personal Property***. Pursuant to § 1325(a), secured creditors listed below shall be paid the amount shown below as the Amount to be Paid on Secured Claim, with such amount included in the Plan payments. However, if the creditor's proof of claim amount is less than the Amount to be Paid on Secured Claim, then only the proof of claim amount will be paid. Any adequate protection payments are as provided in Section (C)(1) above. If a creditor fails to file a secured claim or files a wholly unsecured claim, the debtor may delete the proposed payment of a secured claim in the order confirming plan.

| Creditor & Property Description | Debt Amount | Value of Collateral and Valuation Method | Amount to be Paid On Secured Claim | Interest Rate |
|---|---|---|---|---|
| **Chase 2006 FORD F-150 (PRIVATE PARTY VALUE)** | 13,829.00 | 10,580.00 KELLEY BLUE BOOK (PRIVATE PARTY VALUE) | 10,580.00 | 6% OR CONTRACT RATE, WHATEVER IS LOWER |

☐ See Section (J), Varying Provisions.

(6) ***Priority, Unsecured Claims***. All allowed claims entitled to pro rata priority treatment under § 507 shall be paid in full.

   (a) Unsecured Domestic Support Obligations. The Debtor shall remain current on such obligations that come due after filing the petition. Unpaid obligations before the petition date to be cured in the plan payments.

| Creditor | Estimated Arrearage | Arrearage Through Date |
|---|---|---|
| **-NONE-** | | |

   (b) Other unsecured priority claims.

| Creditor | Type of Priority Debt | Estimated Amount |
|---|---|---|
| **-NONE-** | | |

☐ See Section (J), Varying Provisions.

(7) ***Codebtor Claims***. The following codebtor claim is to be paid per the allowed claim, pro rata before other unsecured, nonpriority claims.

| Creditor | Codebtor Name | Estimated Debt Amount |
|---|---|---|
| **-NONE-** | | |

☐ See Section (J), Varying Provisions.

(8) ***Nonpriority, Unsecured Claims***. Allowed unsecured, nonpriority claims shall be paid pro rata the balance of payments under the Plan.

☐ See Section (J), Varying Provisions.

3

(D) **Lien Retention**. Secured creditors shall retain their liens until payment of the underlying debt determined under nonbankruptcy law or upon discharge, whichever occurs first.

☐ See Section (J), Varying Provisions.

(E) **Surrendered Property**. Debtor surrenders the following property to the secured creditor. Upon confirmation of this Plan or except as otherwise ordered by the Court, bankruptcy stays are lifted as to the collateral to be surrendered. Any secured claim filed by such creditor shall receive **no** distribution until the creditor files an allowed unsecured claim or an amended proof of claim that reflects any deficiency balance remaining on the claim. *Should the creditor fail to file an amended unsecured claim consistent with this provision, the Trustee need not make any distributions to that creditor.*

| Claimant | Property to be surrendered |
|---|---|
| Wells Fargo | 2002 MITSUBISHI MONTERO |
| Wells Fargo Bank Nv Na | 1998 OAKWOOD 1130 MOBILE HOME |

(F) **Attorney Application for Payment of Attorney Fees**. Counsel for the Debtor has received a prepetition retainer of $ **2,000.00** , to be applied against fees and costs incurred. Fees and costs exceeding the retainer shall be paid from funds held by the Chapter 13 Trustee as an administrative expense. Counsel will be paid as selected in paragraph (1) or (2) below:

☒ (1)(a) **Flat Fee**. Counsel for the Debtor has agreed to a total sum of $ **4,000.00** to represent the Debtor. Counsel has agreed to perform the following services through confirmation of the plan:

☒ Review of financial documents and information.
☒ Consultation, planning, and advice, including office visits and telephone communications.
☒ Preparation of Petition, Schedules, Statement of Financial Affairs, Master Mailing List.
☒ Preparation and filing of Chapter 13 Plan, Plan Analysis, and any necessary amendments.
☒ Attendance at the § 341 meeting of creditors.
☒ Resolution of creditor objections and Trustee recommendations, and attendance at hearings.
☒ Reviewing and analyzing creditor claims for potential objections, and attendance at hearings.
☒ Responding to motions to dismiss, and attendance at hearings.
☒ Responding to motions for relief from the automatic stay, and attendance at hearings.
☒ Drafting and mailing of any necessary correspondence.
☒ Preparation of proposed order confirming the plan.
☐ Representation in any adversary proceedings.
☒ Representation regarding the prefiling credit briefing and post-filing education course.

(b) **Additional Services**. Counsel for the Debtor has agreed to charge a flat fee for the following additional services provided to the Debtor post-confirmation of the plan:

☒ Preparation and filing of Modified Plan $ **600.00** .
☒ Preparation and filing of motion for moratorium $ **600.00** .
☒ Responding to motion to dismiss, and attendance at hearings $ **600.00** .
☒ Defending motion for relief from the automatic stay $ **600.00** .
☒ Preparation and filing of any motion to sell property $ **600.00** .
☐ Other __.

All other additional services will be billed at the rate of $ **175.00** per hour for Jessica Sabo and $ **300.00** for Harold Campbell for attorney time and $ **80.00** per hour for paralegal time. Counsel will file and notice a separate fee application detailing the additional fees and costs requested. Counsel will include *all* time expended in the case in the separate fee application.

☐ See Section (J), Varying Provisions.

(G) **Vesting**. Vesting of property of the estate. Property of the estate shall vest in the Debtor upon confirmation of the Plan. The following property shall not revest in the Debtor upon confirmation: *[Describe or state none]*

**-NONE-**

☐ See Section (J), Varying Provisions.

(H) **Tax Returns**. While the case is pending, the Debtor shall provide to the trustee a copy of any post-petition tax return within thirty days after filing the return with the tax agency. The Debtor has filed all tax returns for all taxable periods during the four-year period ending on the petition date, except: *[not applicable or describe unfiled returns]*.
   **-NONE-**

(I) **Funding Shortfall**. Debtor will cure any funding shortfall before the Plan is deemed completed.

(J) **Varying Provisions**. The Debtor submits the following provisions that vary from the Local Plan Form, Sections (A) through (H):

   Wells Fargo Bank (2nd mortgage)-This creditor holds second mortgage on Debtors' homestead valued at less than Debtors' secured obligation to the first mortgagee. The estimated amount owing to this creditor is $64,597.00. Therefore, this creditor has only unsecured claim pursuant to § 506(a) of the Bankruptcy Code because the value of the real property is less than the amount of the first mortgage. No payments will be made on this claim by Debtor or the Trustee during the Plan. This claim will be treated as a general unsecured claim and modified as such under § 1322(b)(2) of the Bankruptcy Code. Upon completion of Debtors' plan and discharge, this debt will be discharged and Wells Fargo Bank will execute and record a release of its lien. Debtors do not intend prior to confirmation to file an adversary complaint or contested matter in order to avoid the lien, and the confirmation order, pursuant to 11 U.S.C. § 1327(c) alone, will avoid and strip off the lien. If Wells Fargo Bank wishes to contest this avoidance, it must file an objection to the plan. If no such objection is filed, the valuation of the property at less than Debtors' secured obligation to the first mortgagee will be res judicata as to Wells Fargo Bank. If Debtors do file an adversary complaint, said complaint will determine the unsecured status of Wells Fargo Bank.

**(1)**

(K) **Plan Summary**. If there is a discrepancy between paragraphs (A) - (J) and paragraphs (K) - (M), then the provisions of paragraphs (A) - (J) and the confirmed plan control.

| | | | |
|---|---|---|---:|
| (1) | Administrative expenses | $ | **2,000.00** |
| (2) | Priority claims | $ | **0.00** |
| (3) | Payments on leases or to cure defaults, including interest | $ | **6,428.00** |
| (4) | Payments on secured claims, including interest | $ | **12,441.92** |
| (5) | Payments on unsecured, nonpriority claims | $ | **460.08** |
| (6) | SUBTOTAL | $ | **21,330.00** |
| (7) | Trustee's compensation (10% of plan payments) | $ | **2,370.00** |
| (8) | Total plan payments | $ | **23,700.00** |

(L) **Section 1325 Analysis**.

   (1) *Best Interest of Creditors Test*:

| | | | |
|---|---|---|---:|
| (a) | Value of debtor's interest in nonexempt property | $ | **480.14** |
| (b) | Plus: Value of property recoverable under avoiding powers | $ | **0.00** |
| (c) | Less: Estimated Chapter 7 administrative expenses | $ | **120.05** |
| (d) | Less: Amount payable to unsecured, priority creditors | $ | **0.00** |
| (e) | **Equals:** Estimated amount payable to unsecured, nonpriority claims if debtor filed Chapter 7 | $ | **359.95** |

   Paragraph (2) to be completed by debtors whose current monthly income exceeds the state's median income.

Software Copyright (c) 1996-2009 Best Case Solutions - Evanston, IL - (800) 492-8037        Best Case Bankruptcy

|   |     | (2) | *Section 1325(b) Analysis:* | | |
|---|---|---|---|---|---|
|   |     |     | (a) | Monthly disposable income under § 1325(b)(2), Form B22C, Statement of Current Monthly Income | $ **-694.29** |
|   |     |     | (b) | Applicable commitment period | $ **60** |
|   |     |     | (c) | Section 1325(b)(2) monthly disposable income amount multiplied by **60**) | $ **-41,657.40** |
| (M) | Estimated Payment to Unsecured, Nonpriority Creditors Under Plan | | | | $ **460.08** |

Dated: **November 2, 2009**

**/s/ CHRISTINA GUTIERREZ**
**CHRISTINA GUTIERREZ**
Debtor

**/s/ Jessica Sabo**
**Jessica Sabo 026360**
Attorney for Debtor
**CAMPBELL & COOMBS, P.C.**
**1811 S. Alma School Road, Suite 225**
**Mesa, AZ 85210**
**480-839-4828 Fax: 480-897-1461**
**heciii@haroldcampbell.com**

6

Software Copyright (c) 1996-2009 Best Case Solutions - Evanston, IL - (800) 492-8037    Best Case Bankruptcy